**UNITED STATES of America,
Appellee,**

v.

**William SOTO, Defendant–Appellant.**

**Docket No. 01–1572.**

United States Court of Appeals,
Second Circuit.

Nov. 21, 2002.

David Wikstrom, New York, NY, for appellant.

Steven G. Kobre, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, on the brief; Robin L. Baker, Assistant United States Attorney, of counsel), New York, NY, for appellee.

Present KEARSE, McLAUGHLIN, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Southern District of New York (Ward, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant William Soto appeals from a judgment of the United States District Court for the Southern District of New York (Ward, J.) after being convicted by a jury of violating various federal gun sale and possession statutes. Soto was sentenced to 95 months' imprisonment, three years of supervised release, and a $500 assessment.

Soto moved at trial to suppress evidence seized from his home on the ground that

an affidavit submitted by Sergeant Eriberto Torres in support of the search warrant allegedly misrepresented the reliability of a confidential informant. Soto contends on appeal that the district court erred in denying his motion because the warrant omitted information about the criminal history of the informant, Ephraim Balaguer. This omission, Soto argues, undermines the characterization of Balaguer in Torres' affidavit as a reliable informant, and proves that the warrant was not supported by probable cause.

We review *de novo* legal findings of the district court, such as whether the warrant application supported a finding of probable cause. *United States v. Nanni,* 59 F.3d 1425, 1433 (2d Cir.1995). "In determining what constitutes probable cause to support a search warrant when the warrant is based upon information obtained through the use of a confidential informant, courts assess the information by examining the 'totality of the circumstances' bearing upon its reliability." *United States v. Smith,* 9 F.3d 1007, 1012 (2d Cir.1993) (quoting *Illinois v. Gates,* 462 U.S. 213, 230–31, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).

This Court has held that in order to suppress evidence obtained through the use of an allegedly insufficient search warrant, a defendant must prove that: "(1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding." *United States v. Canfield,* 212 F.3d 713, 717–18 (2d Cir.2000) (alteration in original) (quoting *United States v. Salameh,* 152 F.3d 88, 113 (2d Cir.1998)) (internal quotation marks omitted). Probable cause can exist despite the omission of an informant's criminal history if that history does not bear upon the informant's veracity, and if the informant had first-hand knowledge that was corroborated in some way. *Id.* at 719–20.

We find that the omission of Balaguer's criminal history was not material to the probable cause determination. First, the record shows Balaguer to have been a reliable informant, as information he provided to the police served as the basis for two previous search orders, one of which led to an arrest. "[I]nformation provided by an informant from whom the government has received consistently reliable information in the past is likely to be sufficiently reliable to establish probable cause...." *United States v. Wagner,* 989 F.2d 69, 73 (2d Cir.1993).

In addition, Balaguer had first-hand knowledge of Soto's illegal acts—Balaguer visited Soto's apartment twelve times in six months, and the specific details and observations Balaguer provided regarding Soto's apartment and firearms were corroborated by Sergeant Torres' observations as well as by the ongoing police investigation. These factors support a finding of probable cause despite the omissions regarding Balaguer's criminal history. *See Canfield,* 212 F.3d at 719–20.

For these reasons, the judgment of the district court is AFFIRMED.